LEWIS VANDESANDE *versus* ALBERT T. CHAPMAN *& als.,* AND W. S. LOCKE *& als., Trustees.*

A suit upon a promissory note on the last day of grace, is prematurely commenced, unless a demand be made, or unless the note be payable at a bank, and the suit commenced after banking hours. The insolvency of the maker will not abridge the day of payment.

REPORTED by DAVIS, J.

This was an action of ASSUMPSIT on a promissory note, of which the defendants were makers and indorsers, dated September 14th, 1856, (at Boston,) and payable to their own order in eight months.

It appears, from the report, that the writ was made from a copy of the note on the afternoon of May 16th, 1857, at half-past three of the clock, after the close of bank hours at Boston.

The principal defendants pleaded the general issue, and, by brief statement, set forth their discharge under the insolvency laws of Massachusetts. The assignees of the defendants claimed the funds which had been attached in the hands of the trustees. One of the grounds of defence was, that the action was prematurely brought.

*Shepley & Dana,* for plaintiff.

*Howard & Strout,* for defendants.

Lovell *v.* Kelley.

BY THE COURT.—Unless the case of *Greely* v. *Thurston,* (4th Maine, 479,) be overruled, we must come to the conclusion, that the suit was prematurely commenced. The insolvency of the defendants cannot abridge the day of payment, which includes the last day of grace, unless a demand be made, or, unless the note be payable at a bank, and the suit is commenced after banking hours.  .  *Plaintiff nonsuit.*